UNITED STATES v. INTERNATIONAL & G: N. R. CO.

(Circuit Court of Appeals, Fifth Circuit. December 21, 1909.)

No. 1,803.

COMMERCE (§ 27*)—INTERSTATE COMMERCE—SAFETY APPLIANCE ACT—PENALTIES.

Under the safety appliance act (Act March 2, 1893, c. 196, 27 Stat. 531 [U. S. Comp. St. 1901, p. 3174]), requiring all cars used in interstate traffic to be equipped with automatic couplers, as amended by Act March 3, 1903, c. 976, 32 Stat. 943 (U. S. Comp. St. Supp. 1909, p. 1143), extending the act to all cars used in interstate commerce and all cars used in connection therewith, a carrier of interstate commerce over an interstate railway is liable for penalty as to all cars and trains operated on such railway, though the defective car is being hauled from one point to another in the same state, provided that it is part of a train engaged in interstate traffic.

[Ed. Note.—For other cases, see Commerce, Dec. Dig. § 27.*]

In Error to the District Court of the United States for the Northern District of Texas.

Action by the United States against the International & Great Northern Railroad Company. Judgment for defendant, and the United States bring error. Reversed.

The following is the petition:

"Your petitioners, the United States of America, appearing by William H. Atwell, their attorney for the Northern district of Texas, represent that this action is brought upon the suggestion of the Attorney General of the United States, at the request of the Interstate Commerce Commission, and upon information furnished by said Commission, and complain of the International & Great Northern Railroad Company, a corporation organized and existing under and by virtue of the laws of the state of Texas, and having an office in the city of Ft. Worth, Tarrant county, and state of Texas, with A. W. Montague as its agent in charge thereof.

"Plaintiffs represent that the defendant is a common carrier engaged in interstate commerce by railroad among the several states and territories of the United States, and particularly the states of Texas, Louisiana, and Arkansas, and that the defendant was so engaged at the time of the happening of the matters hereinafter detailed.

"Plaintiffs allege that in violation of the act of Congress known as the 'Safety Appliance Act,' approved March 2, 1893, as amended by an act approved April 1, 1896, and as amended by an act approved March 2, 1903, the said defendant, on or about February 18, 1907, hauled on its line of railroad one car, to wit, C., O. & G. No. 11217, said car being one that was regularly used in the movement and carrying of interstate traffic, but which at the time of said violation being loaded with cotton consigned to points within the state of Texas, but that the defendant's said line of railroad over which said car was to be hauled, and was in fact hauled on said date, is a part of a through highway over which interstate traffic is being continually hauled, and was in fact at that time being hauled from one state in the United States to another state in the United States, to wit, from the state of Texas to the states of Louisiana and Arkansas.

"Plaintiffs further allege that said car on said date was part of a train which carried interstate traffic, to wit, packing house products, consigned from Denver, in the state of Colorado, to Houston, in the state of Texas, in car A. R. T., refrigerator, No. 8773.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Plaintiffs allege that on the said date the defendant hauled said car with the said traffic and freight thereon and therein over its line of railroad from Ft. Worth, in the state of Texas, in a southerly direction and within the jurisdiction of this court, to wit, in Tarrant county, state of Texas, when the coupling and uncoupling apparatus on the 'A' end of said car was out of repair and inoperative in this, namely, the top clevis to the chain connecting the lock-pin or lock-block to the coupling lever being missing on said end of said car, thus necessitating a man or men going between the ends of the cars to couple and uncouple them, and when said car was not equipped with couplers coupling automatically by impact, and which could be uncoupled without the necessity of a man or men going between the ends of the cars, as required by section 2 of the safety appliance act, as amended by section 1 of the act of March 2, 1903.

"Plaintiffs allege that by reason of the violation of the said act of Congress aforesaid the defendant became liable to these plaintiffs in the penal sum of one hundred dollars.

"Wherefore, premises considered, plaintiffs pray that the defendant be cited in terms of law, that upon final hearing hereof they have judgment for the said sum of one hundred dollars, and all costs of this suit, and for such other relief as they may be entitled to under the law."

The defendant demurred to the petition, and assigned as grounds:

"(1) It demurs to the petition filed in this cause, and says the allegations therein contained show no cause or right of action against this defendant.

."(2) It specially excepts to said petition, and says the same fails to show any cause of action in this:

"(A) It appears from the allegations of said petition that the car containing the alleged defects was not at the time that same is alleged to have been out of order, engaged in moving interstate traffic, but was at said time moved from one point in Texas to another point in Texas.

"(B) Said petition does not show that said car at the time the alleged defects were found was engaged in moving interstate traffic.

"(C) No allegations are made which show any state of facts making this defendant liable by reason of any law to the United States."

The Circuit Court sustained the demurrer, and the judgment is assigned as error.

Wm. H. Atwell, U. S. Atty., and Luther M. Walter and Philip J. Doherty, Sp. Asst. U. S. Attys.

Geo. Thompson and J. H. Barwise, Jr. (M. A. Spoonts, on the brief), for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge (after stating the facts as above). The petition alleges that the defendant in error is a common carrier engaged in interstate commerce between the several states and territories of the United States; that its line of railroad is a part of a through highway over which interstate traffic is being continually hauled; that on a named day it hauled a certain car, No. 11217, loaded with cotton, consigned from one point in the state of Texas to another point in the same state; that this car was hauled in a train one car of which contained interstate traffic; and that at the same time said car No. 11217 had its coupling and uncoupling apparatus in such defective condition as to require the presence of an employé between the ends of the car and the one to which it was attached in order to uncouple them.

The trial court sustained a demurrer to the petition, and, the plaintiff declining to amend, dismissed the cause.

We are of opinion that the petition copied in the statement of the case states a good cause of action under the safety appliance act of Congress of March 2, 1893 (27 Stat. 531, c. 196 [U. S. Comp. St. 1901, p. 3174]), as amended March 2, 1903. The effect of the amendment is to apply the provisions and requirements of the act to all cars used on any railroad engaged in interstate commerce and to all other cars used in connection therewith. Act March 2, 1903, c. 976, 32 Stat. 943 (U. S. Comp. St. Supp. 1909, p. 1143). If it is so used, it makes no difference if the defective car was empty, or how it was loaded at the time. The act, as amended, applies to all cars and trains operated by a railroad carrier of interstate commerce over an interstate railway, irrespective of whether the defective car is being hauled from one point to another in the same state or not; it being part of a train engaged in interstate traffic. Wabash R. Co. v. United States, 168 Fed. 1, 93 C. C. A. 393; Pacific Coast Ry. Co. v. United States (C. C. A.) 173 Fed. 448; Johnson v. Southern Pacific Company, 196 U. S. 1, 25 Sup. Ct. 158, 49 L. Ed. 363.

The judgment of the District Court is reversed, and the cause remanded, with instructions to overrule the demurrer.